Requestor: Stephen Kretz, Esq., Village Attorney Village of Amityville 21 Greene Avenue Amityville, New York 11701
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under specified circumstances the provisions of section 207-m of the General Municipal Law dealing with the compensation of chiefs of police have been complied with.
You have informed us that the village police force is composed of a chief and a lieutenant who are not members of a collective bargaining unit and 24 other police officers holding the rank of sergeant, detective or patrolmen who are members of a bargaining unit. The base salary of the highest ranking police officer subordinate to the chief who is also a member of the negotiating unit (a sergeant) was raised in the amount of $3,425 for the calendar year. You further informed us that the village board of trustees has extended the same increase in salary to the chief of police. The lieutenant, who is not a member of a collective bargaining unit received an increase in salary of $4,010, leaving the three positions with the following base salaries —
 chief — $74,861; lieutenant — $70,838; sergeant — $60,508.
You have asked whether these actions comply with the provisions of section 207-m of the General Municipal Law.
Section 207-m of the General Municipal Law requires that the salary of the permanent full-time head of a police department who is not a member of a collective negotiating unit be increased by at least the same total amount as an increase in the base salary of the highest ranking subordinate police officer who is a member of a negotiating unit. This provision does not apply to police departments employing 575 or more permanent, sworn police personnel.
The purpose of section 207-m was to alleviate the serious salary compressions among the top ranks of police departments across the State, especially for police chiefs not in negotiating units. Bill Jacket, L 1977, ch 827, Memorandum Supporting Assembly 7913. The apparent intent was to halt a trend in which subordinates earned as much or almost as much as the heads of local police departments. Ibid.; Informal Opinion No. 90-81.
While the village may have complied with the literal terms of the statute, we believe it has not achieved its intent. It seems clear from the legislative history that the intent was to halt the compression of salaries of the chief and his subordinates. The mechanism for achieving this goal is linkage of the chief's salary with the negotiated settlement for the highest ranking bargaining unit member. The clear intent was to maintain a salary differential between the salary of the chief and his subordinates. The continued payment of larger raises to the lieutenant than to the chief would eliminate this differential and eviscerate the statute.
We conclude that the purpose of section 207-m of the General Municipal Law is to ensure that the compensation of the head of a municipal police department stays apace with increases in salary for the highest subordinate police officer.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.